# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Glynndeavin Von Fox, | Case No. 2:23-cv-06652-RMG-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| President Joe Biden, | |
| Defendant. | |

Plaintiff Glynndeavin Von Fox, proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to the Civil Rights Act of 1964 and the United Nations Charter. (Dkt. No. 1 at 3.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed.

## BACKGROUND

The instant action is one of eleven lawsuits brought by Plaintiff on December 8, 2023.[1] Like Plaintiff's other pleadings, the initial Complaint in this action is at times illegible and largely incoherent. The Complaint names a single defendant, President Joe Biden, and references the "Civil Rights Act [and] U.N. Charter Treaty" as the bases for this action. (Dkt. No. 1 at 3.) The Complaint alleges that Plaintiff "is a federally recognized Native American at the federal level as of 1995, upon [illegible] or federal employment. He is also a tobacco Native American of which tobacco is found

---

[1] *See Von Fox v. Sligman*, No. 3:23-cv-6641-RMG-MGB (D.S.C.); *Von Fox v. Lawender*, No. 2:23-cv-6643-RMG-MGB (D.S.C.); *Von Fox v. Kornahrens*, No. 3:23-cv-6645-RMG (D.S.C. June 24, 2024); *Von Fox v. Scott*, No. 2:23-cv-6647-RMG-MGB (D.S.C.); *Von Fox v. Lowndes, Esq.*, No. 2:23-cv-6649-RMG-MGB (D.S.C.); *Von Fox v. Ex-President Donald Trump*, No. 2:23-cv-6654-RMG-MGB (D.S.C.); *Von Fox v. The State of Alaska*, No. 2:23-cv-6656-RMG-MGB (D.S.C.); *Von Fox v. United States Department of Veterans Affairs*, No. 2:23-cv-6658-RMG-MGB (D.S.C.); *Von Fox v. Davis*, No. 3:23-cv-6661-RMG-MGB (D.S.C.); *Von Fox v. Hanahan Police Department*, No. 2:23-cv-6665-RMG-MGB (D.S.C.).

in [illegible] contacts or the Eastern shoreline." (*Id.* at 5.) Although unclear, the Complaint seems to allege some sort of interference by the United States of America with Plaintiff's "rights to tobacco." (*Id.*) For relief, the Complaint seeks "3.9 million U.S.D." for "the blockage of said tobacco." (*Id.*)

The undersigned issued an order on June 3, 2024, notifying Plaintiff that his initial Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 6.) More specifically, the order noted that the pleading was "so confused, ambiguous, vague [and] otherwise unintelligible," that the Court could not "discern any causes of action" from Plaintiff's Complaint. (*Id.* at 1–2.) Under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), the undersigned then gave Plaintiff twenty-one days to file an amended complaint that cured the identified pleading deficiencies. (*Id.* at 2.) The order warned Plaintiff that failure to comply with the undersigned's instructions within the time permitted would result in summary dismissal. (*Id.*)

Notwithstanding this warning, Plaintiff did not comply with or otherwise respond to the undersigned's instructions. In an abundance of caution, however, the undersigned issued a second order on July 8, 2024, providing Plaintiff one final opportunity to file an amended complaint that cured the identified pleading deficiencies. (Dkt. No. 10.) The order once again warned Plaintiff that summary dismissal would result if he failed to file an adequate amended pleading. (*Id.*) Unfortunately, Plaintiff still has not complied with these instructions and the time to do so has lapsed.

## LEGAL STANDARD

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" or "baseless" factual contentions, such as "fantastic or delusional" scenarios, may be dismissed *sua sponte* at any time under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil

actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

Despite receiving several opportunities to comply with this Court's instructions, Plaintiff has failed to file an amended complaint that cures the deficiencies identified in his initial pleading. As a result, this action remains subject to summary dismissal for the reasons discussed below.

As the undersigned previously explained to Plaintiff (Dkt. No. 6 at 1–2), summary dismissal is appropriate when a pleading is "so incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or gibberish, that it is unclear what is to be made of them." *Witherspoon v. Berry*, No. 9:13-cv-2942-MGL, 2015 WL 1790222, at *3 (D.S.C. Apr. 15, 2015); *see also Bell v. Bank of Am., N.A.*, No. 1:13-cv-478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal quotation marks and citations omitted). Such is the case here.

While Plaintiff references several legal authorities in his pleading—the Civil Rights Act of 1964 and the United Nations Charter (Dkt. No. 1 at 3)—the nonsensical nature of his allegations makes it virtually impossible to discern the true facts underlying these claims.[2] Indeed, Plaintiff

---

[2] Because there is no indication that Plaintiff has a private right of action under the United Nations Charter, the Court does not entertain any such claims here. *See Dickens v. Lewis*, 750 F.2d 1251, 1254 (5th Cir. 1984) (noting that "individual plaintiffs do not have standing to raise any claims under the United Nations Charter and . . . other international obligations"); *see also* Restatement (Third) of the Foreign Relations Law of the United States § 907 cmt. a.

simply asserts his purported status as a "tobacco Native American" and then challenges "the blockage of said tobacco" without any intelligible context or explanation whatsoever. (Dkt. No. 1 at 5.) These confused allegations plainly fail to demonstrate that Plaintiff suffered any sort of constitutional and/or civil rights violation, or that President Biden committed such.[3] *See Windham v. Graham*, No. 9:08-cv-1935-PMD-GCK, 2008 WL 3833789, at *6 (D.S.C. Aug. 14, 2008) (noting that "a complaint is insufficient where it simply expounds a collection of legal buzzwords but fails to make any factual allegations against the defendants"); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (noting that federal courts lack the power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

## CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be summarily dismissed without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). In light of this recommendation, the Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

**IT IS SO RECOMMENDED.**

August 7, 2024　　　　　　　　　　　　　　　　　MARY GORDON BAKER
Charleston, South Carolina　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to an important notice on the following page.**

---

(1987) ("International agreements . . . generally do not create private rights or provide for a private cause of action in domestic courts. . . .").

[3]　To that end, the undersigned also reiterates (*see* Dkt. No. 6 at 2) that while the Complaint does not describe any specific actions by President Biden, the President of the United States is generally entitled to immunity for any claims regarding the performance of his duties while in office. *See Nixon v. Fitzgerald*, 457 U.S. 731, 748–58 (1982); *see also Trump v. United States*, 603 U.S. ----, 144 S. Ct. 2312, 2329–30 (2024).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).